UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN CALLAHAN and C.C. (minor), | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | *   Civil Action No. 18-10563-MGM |
| SOUTHWEST AIRLINES COMPANY, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING REPORT AND
RECOMMENDATION ON PLAINTIFFS' MOTION TO REMAND
(Dkt. Nos. 9, 32)

November 7, 2018

MASTROIANNI, U.S.D.J.

On December 26, 2017, Dawn Callahan and her minor child, C.C. ("Plaintiffs"), filed this action in the Eastern Hampshire District Court of the Commonwealth of Massachusetts. Summarized briefly, Plaintiffs allege Southwest Airlines Company ("Defendant") was negligent in providing assistance to C.C., a traveler with a disability, in connection with flights between Hartford, Connecticut and Fort Myers, Florida on March 28, 2015 and April 2, 2015. Plaintiff first filed a complaint in federal court alleging violations of regulations implemented pursuant to the Air Carrier Access Act ("ACAA"). Plaintiffs voluntarily dismissed that suit on December 15, 2017, without prejudice, after Defendant filed a motion to dismiss based on there being no private right of action arising under the ACAA. Shortly thereafter, Plaintiffs filed the instant case in state court. Defendant was served with the state court complaint on or around February 28, 2018 and timely removed the

case to this court on March 23, 2018, claiming the presence of a federal question provides a basis for this court's exercise of subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. No. 1.) The case was initially assigned to Judge Michael A. Ponsor. Plaintiffs filed a motion to remand on April 11, 2018 (Dkt. No. 9) and Defendant filed its opposition on May 2, 2018 (Dkt. No. 18). Judge Ponsor referred the motion to Magistrate Judge Katherine A. Robertson for a Report and Recommendation ("R&R") and, after the case was reassigned, this court renewed the referral. (Dkt. Nos. 19, 29.)

Judge Robertson issued her R&R on September 26, 2018. Judge Robertson has recommended this court grant Plaintiff's motion to remand "because none of the claims in the amended complaint arise under federal law and Plaintiffs' state law claims are not completely preempted" and this court, therefore, lacks subject matter jurisdiction. (Dkt. No. 32 at 18.) Defendant's motion for an extension of time to file objections was granted and Defendant timely filed its objections on October 22, 2018.

Defendant objects to Judge Robertson's recommendation on the grounds that Plaintiffs claims "are purely claims of violations of the ACAA" despite Judge Robertson's conclusion that Plaintiffs have stated negligence claims under Massachusetts common law. (Dkt. No. 35 at 1.) Following *de novo* review, this court agrees with Judge Robertson's assessment of Plaintiffs' claims. Defendant's assert similarities between the first complaint filed by Plaintiffs, in federal court and asserting federal claims based on violations of the ACAA, and the complaint they subsequently filed in state court, asserting state common law negligence claims, establish the federal claims are the only "real" claims here. The same set of facts often give rise to a variety of legal claims and plaintiffs are free to "eschew[] claims based on federal law" and so "choose to have the cause heard in state court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987). As Judge Robertson observed, a plaintiff is generally free to make allegations that sound only in local law, even if there are federal claims that could have been raised. (Dkt. No. 32 at 8 (citing *Lopez-Munoz v. Triple S-Salud, Inc.*, 754 F.3d 1, 4 (1st

Cir. 2014)). There are limited exceptions that apply where state law claims necessarily raise federal claims, thereby providing a basis for federal jurisdiction even where a complaint asserts only state law claims. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). For the reasons detailed by Judge Robertson, this court agrees the four-part *Gunn* test is not satisfied here and, therefore, federal jurisdiction does not lie with respect to the state negligence claims. Most notably, the complaint does not challenge the DOT's interpretation of the ACAA regulations, nor is this case likely to result in any novel interpretations of federal law. Plaintiffs do not challenge the standard of care established by the ACAA. Instead, they concede that the ACAA establishes the standard of care, or in the context of a state negligence claims, the duty owed, and simply wish to establish the other elements of a negligence claim arising under state common law. Such claims are not preempted by the ACAA. *See, e.g.*, *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995 (9th Cir. 2013) (permitting plaintiff to recover from airline under state tort law for injuries if plaintiff demonstrates the airline breached a duty established under ACAA and establishes the other elements set forth in state law).

For these reasons, and the others ably set out by Judge Robertson, the court ADOPTS the recommendations in the R&R (Dkt. No. 32). Plaintiff's Motion to Remand to State Court is GRANTED. The Clerk's Office is directed to remand this case to state court.

It is So Ordered.

                                                  /s/ Mark G. Mastroianni
                                                  MARK G. MASTROIANNI
                                                  United States District Judge